NATIONAL ABORTION FEDERA-TION, Mark I. Evans, M.D., Carolyn Westhoff, M.D., M.Sc., Cassing Hammond, M.D., Marc Heller, M.D., Timothy R.B. Johnson, M.D., Stephen Chasen, M.D., Gerson Weiss, M.D., on behalf of themselves and their patients, Plaintiffs,

v.

John ASHCROFT, in his capacity as Attorney General of the United States, along with his officers, agents, servants, employees, and successors in office, Defendant.

No. 03 CIV.8695 (RCC).

United States District Court,
S.D. New York.

Nov. 6, 2003.

## MEMORANDUM & ORDER

CASEY, District Judge.

Before the Court is Plaintiffs' Application for a Temporary Restraining Order, requesting that the Court enjoin the Attorney General of the United States from enforcing the Partial–Birth Abortion Ban Act of 2003 ("the Act"). The Act was signed on November 5, 2003, and took effect at 12:01 a.m. on November 6, 2003. Having considered the parties' written submissions and oral arguments, the Court hereby GRANTS Plaintiffs' Application.

To obtain a temporary restraining order, Plaintiffs must show irreparable harm and a likelihood of success on the merits. *See Jackson Dairy, Inc. v. H. P. Hood & Sons, Inc.*, 596 F.2d 70, 72 (2d Cir.1979); *Spencer Trask Software & Info. Servs. LLC v. RPost Int'l Ltd.*, 190 F.Supp.2d 577, 580 (S.D.N.Y.2002). Plaintiffs have met this standard.

■ First, Plaintiffs have made an adequate showing as to the requisite risk of harm. Second, Plaintiffs have shown a likelihood of success on the merits. Plaintiffs argue that the Act is unconstitutional because, among other things, it does not contain an exception to protect women's health. In *Stenberg v. Carhart*, 530 U.S. 914, 120 S.Ct. 2597, 147 L.Ed.2d 743 (2000), the Supreme Court declared unconstitutional a Nebraska statute banning partial-birth abortions based, in part, on the fact that the statute did not contain such an exception. *Id.* at 930, 120 S.Ct. 2597. In so holding, the *Stenberg* Court determined that a "division of medical opinion ... at most means uncertainty, a factor that signals the presence of risk .... [w]here a significant body of medical opinion believes a procedure may bring with it greater safety for some patients and explains the medical reasons supporting the view," then a health exception is constitutionally required. *Id.* at 937, 120 S.Ct. 2597. At oral argument, Defendant took the position that there remains a disagreement in the medical community as to whether the abortion procedures covered by the Act are ever necessary to protect a woman's health, and that Congress did not find a consensus on the matter.[1] Given the Defendant's position, the Court is constrained, at this time, to conclude that it is substantially likely that Plaintiffs will succeed on the merits.

Therefore, it is **ORDERED** that:

1. The Application for a Temporary Restraining Order is granted. Defendant John Ashcroft, in his official capacity as Attorney General of the United States, and his employees, agents, and successors in office, are temporarily restrained from enforcing the Partial–Birth Abortion Ban Act of 2003, against Plaintiffs, their members, officers, agents, servants, and employees.

2. Pursuant to Rule 65(b), this Temporary Restraining Order shall be in force for ten days from its issuance. Fed.R.Civ.P. 65(b). Under the computation of time set forth in Rule 6(a), the Temporary Restraining Order shall remain in effect through November 21, 2003. *See* Fed.R.Civ.P. 6(a); *United States v. Int'l Bhd. of Teamsters*, 728 F.Supp. 1032, 1057 (S.D.N.Y.1990).

3. The parties are directed to submit briefs to the Court on the issues of whether the Court must hold an evidentiary hearing on Plaintiffs' Application for a Preliminary Injunction, whether a decision can be made as a legal matter without an evidentiary hearing, and whether the Court should retain its own medical experts. The parties shall serve their briefs on one another and with the Court by 5:00 p.m. on November 10, 2003.

**So Ordered.**

---

1. The Court: You do not quarrel with the fact that there is some dispute in the medical community?
   [Assistant United States Attorney Shella] Gowan: I do not quarrel with that fact, your Honor.
   (*See* Transcript of Hearing, Nov. 5, 2003, at 68–69.)

   Ms. Gowan: One thing that I wanted to point out and there was a little bit of discussion about did Congress say there's no medical debate and they have made a decision? No.
   (*See also id.* at 66.)